ADRIANO L. MARTINEZ (237152)
CANDICE L. YOUNGBLOOD (328843)
amartinez@earthjustice.org
cyoungblood@earthjustice.org
Earthjustice
707 Wilshire Street, Suite 4300
Los Angeles, CA 90017
Tel: (415) 217-2000 / Fax: (415) 217-2040

REGINA J. HSU (318820)
rhsu@earthjustice.org
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
Tel: (415) 217-2000 / Fax: (415) 217-2040

*Counsel for Defendant-Intervenors East Yard Communities for Environmental Justice, People's Collective for Environmental Justice, and Sierra Club*

(List of Counsel continued on next page)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION,<br>　　　　Plaintiff,<br>and<br><br>AIRLINES FOR AMERICA,<br>　　　　Intervenor-Applicant<br>　　v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, et al.,<br>　　　　Defendants,<br>and<br><br>STATE OF CALIFORNIA and CALIFORNIA AIR RESOURCES BOARD,<br>　　　　State Intervenor-Applicants;<br><br>and<br><br>EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, et al.,<br>　　　　Defendant-Intervenors | Civ. No. 2:21-cv-6341-JAK-MRW<br><br>**ANSWER OF INTERVENORS EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, *ET AL.* [NGOs] TO COMPLAINT IN INTERVENTION OF AIRLINES FOR AMERICA** |

DAVID R. PETTIT (67128)
dpettit@nrdc.org
Natural Resources Defense Council
1314 2nd Street
Santa Monica, CA 90401
Tel: (310) 434-2300 / Fax: (310) 434-2399

*Counsel for Defendant-Intervenor*
*Natural Resources Defense Council*

ALISON M. HAHM (336969)
ahahm@cbecal.org
Communities for a Better Environment
6325 Pacific Blvd.
Huntington Park, CA 90255
Tel: (323) 826-9771

*Counsel for Defendant-Intervenor*
*Communities for a Better Environment*

TIMOTHY O'CONNOR (250490)
toconnor@edf.org
Environmental Defense Fund
123 Mission St., 28th Fl.
San Francisco, CA 94105
Tel: (916) 549-8423

*Counsel for Defendant-Intervenor*
*Environmental Defense Fund*

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No. 2:21-cv-6341-JAK-MRW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Answer

Defendant-Intervenors East Yard Communities for Environmental Justice, People's Collective for Environmental Justice, Sierra Club, Communities for a Better Environment, Environmental Defense Fund, and Natural Resources Defense Council (collectively "Community Group and Environmental Defendant-Intervenors"), in answer to the Complaint in Intervention ("Complaint") filed by Plaintiff-Intervenor Airlines for America ("A4A"), admit, deny and aver as follows:

## INTRODUCTION

1.      In response to Paragraph 1, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

2.      In response to Paragraph 2, Community Group and Environmental Defendant-Intervenors deny that the local regulations enacted by the South Coast Air Quality Management District ("District") are preempted by federal law. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis deny them.

3.      In response to Paragraph 3, Community Group and Environmental Defendant-Intervenors assert that the cases, statutes, and regulations quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 3.

4.      In response to Paragraph 4, Community Group and Environmental Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 4.

5.      In response to Paragraph 5, Community Group and Environmental Defendant-Intervenors admit that the District is authorized to pursue state and federal air quality standards by exercising powers granted to it by statute, including under the

statutory scheme of the federal Clean Air Act. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 5.

6.      In response to Paragraph 6, Community Group and Environmental Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors admit the remaining allegations in Paragraph 6.

7.      In response to Paragraph 7, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

8.      In response to Paragraph 8, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

9.      In response to Paragraph 9, Community Group and Environmental Defendant-Intervenors assert that the statutes and case cited in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 9.

10.      In response to Paragraph 10, Community Group and Environmental Defendant-Intervenors assert that the statute and case cited in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 10.

11.      In response to Paragraph 11, Community Group and Environmental Defendant-Intervenors assert that the statute cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 11.

12.      In response to Paragraph 12, Community Group and Environmental Defendant-Intervenors assert that the case and statute cited in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 12.

13.      In response to Paragraph 13, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No. 2:21-cv-6341-JAK-MRW)

14.     In response to Paragraph 14, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

15.     In response to Paragraph 15, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

## ANSWERING PARTIES

16.     In response to Paragraph 16, Community Group and Environmental Defendant-Intervenors admit that several commercial airports, including Hollywood Burbank ("BUR"), Los Angeles International ("LAX"), Long Beach ("LGB"), Ontario International ("ONT"), San Bernardino International ("SBD"), and John Wayne ("SNA"), are located within the South Coast Air Basin. Community Group and Environmental Defendant-Intervenors deny that Palm Springs International ("PSP") is located within the South Coast Air Basin but admit that PSP is located within the South Coast Air Quality Management District. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and on that basis deny them.

17.     In response to Paragraph 17, Community Group and Environmental Defendant-Intervenors admit the allegations in the second and fourth sentences of that paragraph. Community Group and Environmental Defendant-Intervenors further admit that A4A provided comments on the rule and participated in the District's Facility Based Mobile Source Measures Working Group, the Airport Working Group, and the Warehouse Indirect Source Rule Working Group. Community Group and Environmental Defendant-Intervenors deny that Rule 2305 is an illegal rule and that any alleged injuries can only be redressed by this Court's order setting aside Rule 2305 and enjoining its enforcement. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and on that basis deny them.

18.     In response to Paragraph 18, Community Group and Environmental Defendant-Intervenors admit the allegations in the first, third, and fourth sentences of that paragraph. Community Group and Environmental Defendant-Intervenors deny the allegations in the second sentence of Paragraph 18.

19.     In response to Paragraph 19, Community Group and Environmental Defendant-Intervenors admit the allegations in that paragraph.

### ANSWERING JURISDICTION AND VENUE

20.     In response to Paragraph 20, Community Group and Environmental Defendant-Intervenors admit the allegations in the first sentence of that paragraph. Community Group and Environmental Defendant-Intervenors admit that 28 U.S.C. § 1331 confers jurisdiction on this Court over claims arising under the Clean Air Act, Airline Deregulation Act of 1978, Federal Aviation Administration Authorization Act of 1994, and Article VI of the United States Constitution. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in the second sentence of Paragraph 20.

21.     In response to Paragraph 21, Community Group and Environmental Defendant-Intervenors admit that, if this Court has jurisdiction over A4A's claims arising under federal law, then this Court has discretion to exercise supplemental jurisdiction over A4A's claims arising under California law consistent with 28 U.S.C. § 1367(c). Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 21.

22.     In response to Paragraph 22, Community Group and Environmental Defendant-Intervenors assert that the statutes cited in the paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 22.

23.     In response to Paragraph 23, Community Group and Environmental Defendant-Intervenors assert that the statute cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors admit that the District's

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No. 2:21-cv-6341-JAK-MRW)

headquarters are located in the Western Division of the Central District of California, that Rule 2305 applies to some warehouses in the Western Division of the Central District of California, and that venue in the Central District of California is appropriate. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 23.

## ANSWERING FACTS

24.    In response to Paragraph 24, Community Group and Environmental Defendant-Intervenors assert that the statute cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 24.

25.    In response to Paragraph 25, Community Group and Environmental Defendant-Intervenors assert that the cases and statutes cited in that paragraph speaks for themselves. Community Group and Environmental Defendant-Intervenors admit the allegations in the third sentence of Paragraph 25. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 25.

26.    In response to Paragraph 26, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors admit the allegations in the first sentence of Paragraph 26. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 26.

27.    In response to Paragraph 27, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

28.    In response to Paragraph 28, Community Group and Environmental Defendant-Intervenors assert that the cases quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 28.

29.    In response to Paragraph 29, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for

themselves. Community Group and Environmental Defendant-Intervenors admit that California can seek EPA approval for a waiver of preemption to enforce its own mobile source emissions standards. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 29.

30.    In response to Paragraph 30, Community Group and Environmental Defendant-Intervenors deny that Rule 2305 includes de facto emissions standards. Community Group and Environmental Defendant-Intervenors admit that CARB has not requested or received a section 209(b) waiver with respect to Rule 2305.

31.    In response to Paragraph 31, Community Group and Environmental Defendant-Intervenors assert that the statute cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations of that paragraph.

32.    In response to Paragraph 32, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves.

33.    In response to Paragraph 33, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors admit that the District is one of 35 air districts throughout the state. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 33.

34.    In response to Paragraph 34, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 34.

35.    In response to Paragraph 35, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors admit that indirect sources include, among other things, shopping centers, stadiums, and other

places of public assembly. Community Group and Environmental Defendant-Intervenors further admit that the Clean Air Act acknowledges that states may, but are not required to, adopt an ISR program as part of their State Implementation Plans. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 35.

36.     In response to Paragraph 36, Community Group and Environmental Defendant-Intervenors admit that Rule 2305 is not limited to new or modified facilities. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

37.     In response to Paragraph 37, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 37.

38.     In response to Paragraph 38, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

39.     In response to Paragraph 39, Community Group and Environmental Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.

40.     In response to Paragraph 40, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 40.

41.     In response to Paragraph 41, Community Group and Environmental Defendant-Intervenors assert that the Attorney General Opinion quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors admit that the Legislature authorized the air districts to implement indirect source rules. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 41.

42.     In response to Paragraph 42, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

43.     In response to Paragraph 43, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

44.     In response to Paragraph 44, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

45.     In response to Paragraph 45, Community Group and Environmental Defendant-Intervenors assert that the case cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 45.

46.     In response to Paragraph 46, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

47.     In response to Paragraph 47, Community Group and Environmental Defendant-Intervenors assert that the rule cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 47.

48.     In response to Paragraph 48, Community Group and Environmental Defendant-Intervenors assert that the rule cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 48.

49.     In response to Paragraph 49, Community Group and Environmental Defendant-Intervenors assert that the rule cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 49.

50.     In response to Paragraph 50, Community Group and Environmental Defendant-Intervenors assert that the letter cited in that paragraph speaks for itself.

51.     In response to Paragraph 51, Community Group and Environmental Defendant-Intervenors assert that the Final Statement of Reasons cited in that

paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 51.

52.     In response to Paragraph 52, Community Group and Environmental Defendant-Intervenors admit that the District has regulatory authority over air quality in the South Coast Air Basin ("Basin"), an area including all of Orange County and the non-desert portions of Los Angeles, Riverside, and San Bernardino Counties. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in the first sentence of Paragraph 52. Community Group and Environmental Defendant-Intervenors admit that the Los Angeles and Long Beach (San Pedro) ports are located within the Basin and that the "Assessment of Warehouse Relocations Associated with the South Coast Air Quality Management District, Warehouse Indirect Source Rule," December 23, 2020, prepared by Industrial Economics, Incorporated for Community Group and Environmental Defendant-Intervenors ("IEC Report") estimated that these ports are the origin points for 40 percent of all container cargo traffic in the United States. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 52 and on that basis deny them.

53.     In response to Paragraph 53, Community Group and Environmental Defendant-Intervenors admit that the District staff estimated that there are over 2,600 warehouses located within the District and that these warehouses contain over 662 million square feet of space. Community Group and Environmental Defendant-Intervenors assert that the reports and documents cited in Paragraph 53 speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 53.

54.     In response to Paragraph 54, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

55.     In response to Paragraph 55, Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in that paragraph and on that basis deny them.

56.     In response to Paragraph 56, Community Group and Environmental Defendant-Intervenors admit that the combined and ongoing regulatory efforts of EPA, CARB, the District, and California's other legislatively created air districts have contributed to air quality improvements in the South Coast Air Basin. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 56.

57.     In response to Paragraph 57, Community Group and Environmental Defendant-Intervenors admit the allegations in the first and second sentences of that paragraph. Community Group and Environmental Defendant-Intervenors assert that the quoted language from MOB-03 speaks for itself. Community Group and Environmental Defendant-Intervenors admit that at the March 3, 2017 Board hearing for the adoption of the 2016 Air Quality Management Plan, the Board denied a motion to draft for consideration an indirect source rule for warehouse distribution centers within the South Coast Air Basin by February 1, 2019. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 57.

58.     In response to Paragraph 58, Community Group and Environmental Defendant-Intervenors admit that in 2018, District staff presented to the Board potential strategies for facility-based mobile source measures, including development of an indirect source rule for warehouses. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 58.

59.     In response to Paragraph 59, Community Group and Environmental Defendant-Intervenors admit that on May 4, 2018, the Board directed staff to develop emissions reduction strategies for warehouses through voluntary and regulatory measures. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 59.

60.     In response to Paragraph 60, Community Group and Environmental Defendant-Intervenors admit the allegations in the first sentence of that paragraph. Community Group and Environmental Defendant-Intervenors admit that the quoted language in the second sentence of Paragraph 60 is contained in the March 3, 2021 draft staff report. Community Group and Environmental Defendant-Intervenors admit that the March 3, 2021 draft staff report states that Rule 2305 would "support statewide efforts to increase the number of ZE vehicles" and would "provide a mechanism to require warehouse operators to encourage ZE vehicle use at their facilities as one of many options." Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 60.

61.     In response to Paragraph 61, Community Group and Environmental Defendant-Intervenors admit that the quoted language is contained in the March 3, 2021 draft staff report, except that the staff report includes "PR" instead of "Rule" before "2305." Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 61.

62.     In response to Paragraph 62, Community Group and Environmental Defendant-Intervenors admit that the response to comments on Rule 2305 stated that "warehouse operators can contract with trucking companies to, at least to the extent that they already do this, . . . have NZE or ZE trucks visit their warehouse. While the action to have third-party NZE and ZE trucks visit a warehouse may not be standard industry practice today, this does not mean it is infeasible." Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 62.

63.     In response to Paragraph 63, Community Group and Environmental Defendant-Intervenors admit that the environmental analysis of Rule 2305 stated that "[t]he proposed project is intended to accelerate the use of ZE trucks and yard trucks that operate at warehouses in the South Coast AQMD region."

64.     In response to Paragraph 64, Community Group and Environmental Defendant-Intervenors admit that Rule 2305 and Rule 316 were adopted on May 7,

2021, and that individuals and organizations raised objections to their adoption. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in the first sentence of Paragraph 64. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 64 and on that basis deny them.

65.     In response to Paragraph 65, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

66.     In response to Paragraph 66, Community Group and Environmental Defendant-Intervenors admit the allegations in that paragraph.

67.     In response to Paragraph 67, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

68.     In response to Paragraph 68, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

69.     In response to Paragraph 69, Community Group and Environmental Defendant-Intervenors admit that Rule 2305 requires warehouses with 100,000 or more square feet of indoor floor space to monitor the number and type of trucks that visit their facilities, that this data is used in calculating the number of weighted annual truck trips ("WATT"), and that, in calculating the WATT, the heaviest Class 8 trucks trips are considered the equivalent of 2.5 trips from lighter Class 2b to Class 7 trucks. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations related to A4A members in the first sentence of Paragraph 69 and on that basis deny them. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 69.

70.     In response to Paragraph 70, Community Group and Environmental Defendant-Intervenors admit that, under Rule 2305, the WATT is multiplied by a stringency factor and an annual variable to determine the WPCO and that Rule 2305

generally requires warehouse operators to earn WAIRE points greater than or equal to their WPCO each year. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 70.

71.     In response to Paragraph 71, Community Group and Environmental Defendant-Intervenors admit that, under Rule 2305, warehouse operators can earn WAIRE points by undertaking actions listed on the WAIRE Menu, which provides a range of options for reducing emissions, and that the relative cost of these options may vary. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 71.

72.     In response to Paragraph 72, Community Group and Environmental Defendant-Intervenors admit that, for purposes of determining environmental impacts, the Final Environmental Assessment for Rule 2305 analyzed 19 possible "scenarios" for compliance with the WAIRE Program and that some involved scenarios in which warehouse operators purchase and use ZE/NZE vehicles or rely on the purchase and use of ZE/NZE vehicles by others. Community Group and Environmental Defendant-Intervenors assert that, while these scenarios assume all warehouses meet their WPCO only through the action identified in the scenario, in reality, a hybrid of all scenarios (or other compliance approaches encompassed within the range of scenarios analyzed) is expected to occur, and that custom WAIRE programs may also be approved. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 72.

73.     In response to Paragraph 73, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

74.     In response to Paragraph 74, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

75.     In response to Paragraph 75, Community Group and Environmental Defendant-Intervenors admit that there are ways to comply with the WAIRE Program that are neither directly nor indirectly related to the purchase of ZE/NZE trucks and

that these include paying a mitigation fee, installing and using solar panels, and purchasing and using air filter systems for nearby sensitive receptors. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 75.

76.     In response to Paragraph 76, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

77.     In response to Paragraph 77, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

78.     In response to Paragraph 78, Community Group and Environmental Defendant-Intervenors admit that the District claims that Rule 2305 is not preempted. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 78.

79.     In response to Paragraph 79, Community Group and Environmental Defendant-Intervenors admit that mitigation fees will go into the WAIRE Mitigation Program, and that the WAIRE Mitigation Program may fund projects that provide incentives for the purchase of NZE or ZE trucks or the purchase and installation of ZE charging or hydrogen fueling infrastructure. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 79.

80.     In response to Paragraph 80, Community Group and Environmental Defendant-Intervenors assert that the statutes and case quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 80.

81.     In response to Paragraph 81, Community Group and Environmental Defendant-Intervenors assert that the case quoted in the first, third, and fourth sentences of the paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 81.

82.     In response to Paragraph 82, Community Group and Environmental Defendant-Intervenors assert that the statutes and case quoted and cited in that

paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 82.

83.    In response to Paragraph 83, Community Group and Environmental Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself.

84.    In response to Paragraph 84, Community Group and Environmental Defendant-Intervenors assert that the statutes quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 84.

85.    In response to Paragraph 85, Community Group and Environmental Defendant-Intervenors admit the allegations in the first sentence of that paragraph. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 85 and on that basis deny them.

86.    In response to Paragraph 86, he District admit that Congress passed the Motor Carrier Act in 1980 and assert that the Motor Carrier Act speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 86.

87.    In response to Paragraph 87, Community Group and Environmental Defendant-Intervenors admit that Congress adopted an express preemption provision within the FAAAA in 1995. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 87.

88.    In response to Paragraph 88, Community Group and Environmental Defendant-Intervenors assert that the statutory provision quoted in the paragraph speaks for itself.

89.    In response to Paragraph 89, Community Group and Environmental Defendant-Intervenors assert that the cases quoted in the paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 89.

90.     In response to Paragraph 90, Community Group and Environmental Defendant-Intervenors admit the allegations of the paragraph.

91.     In response to Paragraph 91, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

92.     In response to Paragraph 92, Community Group and Environmental Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 92.

93.     In response to Paragraph 93, Community Group and Environmental Defendant-Intervenors deny the allegations in the first sentence of that paragraph. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 93 and on that basis deny them.

94.     In response to Paragraph 94, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

95.     In response to Paragraph 95, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

## ANSWERING COUNT 1

### (Declaratory/Injunctive Relief – Violation of the Clean Air Act)

96.     In response to Paragraph 96, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

97.     In response to Paragraph 97, Community Group and Environmental Defendant-Intervenors admit the allegations in that paragraph.

98.     In response to Paragraph 98, Community Group and Environmental Defendant-Intervenors assert that the constitutional provision quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations of Paragraph 98.

99.     In response to Paragraph 99, Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the allegations about A4A's members. Community Group and Environmental Defendant-Intervenors admit that A4A and Community Group and Environmental Defendant-Intervenors disagree about whether Rule 2305 is preempted by the CAA. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in paragraph 99.

100.    In response to Paragraph 100, Community Group and Environmental Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.

101.    In response to Paragraph 101, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

102.    In response to Paragraph 102, Community Group and Environmental Defendant-Intervenors assert that the statute and portion of the Federal Register cited and quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 102.

103.    In response to Paragraph 103, Community Group and Environmental Defendant-Intervenors assert that A4A's request for a declaration speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 103.

104.    In response to Paragraph 104, Community Group and Environmental Defendant-Intervenors deny the allegations of that paragraph.

### ANSWERING COUNT 2

### (Declaratory/Injunctive Relief – Violation of the ADA)

105.    In response to Paragraph 105, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

106.    In response to Paragraph 106, Community Group and Environmental Defendant-Intervenors assert that the statutes and cases quoted and cited in that

paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 106.

107.   In response to Paragraph 107, Community Group and Environmental Defendant-Intervenors assert that the constitutional provision and statute cited in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 107.

108.   In response to Paragraph 108, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

109.   In response to Paragraph 109, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

110.   In response to Paragraph 110, Community Group and Environmental Defendant-Intervenors assert that the case cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

111.   In response to Paragraph 111, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

112.   In response to Paragraph 112, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

113.   In response to Paragraph 113, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

114.   In response to Paragraph 114, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

## ANSWERING COUNT 3

### (Declaratory/Injunctive Relief – Violation of the FAAAA)

115.   In response to Paragraph 115, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

116.   In response to Paragraph 116, Community Group and Environmental Defendant-Intervenors assert that the statutory provision quoted in that paragraph

speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

117.   In response to Paragraph 117, Community Group and Environmental Defendant-Intervenors assert that the constitutional provision and statute cited in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 117.

118.   In response to Paragraph 118, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

119.   In response to Paragraph 119, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

120.   In response to Paragraph 120, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

121.   In response to Paragraph 121, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

### ANSWERING COUNT 4

### (Declaratory/Injunctive Relief – Violation of State Law – Authority)

122.    In response to Paragraph 122, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

123.   In response to Paragraph 123, Community Group and Environmental Defendant-Intervenors assert that the statutory provision cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

124.   In response to Paragraph 124, Community Group and Environmental Defendant-Intervenors assert that the cases quoted in that paragraph speak for themselves. Community Group and Environmental Defendant-Intervenors admit that the District was created by the Legislature, is considered a local agency for some purposes, possesses only the authority granted it by state law, and has no police power

1  beyond that delegated to it by the Legislature. Community Group and Environmental
2  Defendant-Intervenors deny the remaining allegations in Paragraph 124.

3       125.   In response to Paragraph 125, Community Group and Environmental
4  Defendant-Intervenors deny the allegations in that paragraph.

5       126.   In response to Paragraph 126, Community Group and Environmental
6  Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.
7  Community Group and Environmental Defendant-Intervenors admit that CARB has
8  the right to apply for a waiver from preemption under the CAA and that CARB had
9  not sought a waiver for Rule 2305. Community Group and Environmental Defendant-
10 Intervenors deny the remaining allegations in Paragraph 126.

11      127.   In response to Paragraph 127, Community Group and Environmental
12 Defendant-Intervenors assert that the statute quoted in that paragraph speaks for itself.
13 Community Group and Environmental Defendant-Intervenors admit that federal law
14 allows, but does not require, a state to adopt an indirect source review program as part
15 of the State Implementation Plan. Community Group and Environmental Defendant-
16 Intervenors deny the remaining allegations in Paragraph 127.

17      128.   In response to Paragraph 128, Community Group and Environmental
18 Defendant-Intervenors assert that the statutes quoted in that paragraph speak for
19 themselves. Community Group and Environmental Defendant-Intervenors deny the
20 remaining allegations in Paragraph 128.

21      129.   In response to Paragraph 129, Community Group and Environmental
22 Defendant-Intervenors assert that the statutes quoted in that paragraph speak for
23 themselves.

24      130.   In response to Paragraph 130, Community Group and Environmental
25 Defendant-Intervenors assert that the statutes quoted in that paragraph speak for
26 themselves. Community Group and Environmental Defendant-Intervenors deny the
27 remaining allegations in paragraph 130.

28

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No.
2:21-cv-6341-JAK-MRW)

131.   In response to Paragraph 131, Community Group and Environmental Defendant-Intervenors admit that Rule 2305 applies to all warehouses operating within the South Coast Air Basin meeting the minimum 100,000 square foot indoor floor space requirement and that it applies to both new and existing warehouses. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 131.

### ANSWERING COUNT 5

### (Declaratory/Injunctive Relief – Violation of State Law – Unlawful Tax)

132.   In response to Paragraph 132, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

133.   In response to Paragraph 133, Community Group and Environmental Defendant-Intervenors assert that the constitutional provision quoted in that paragraph speaks for itself.

134.   In response to Paragraph 134, Community Group and Environmental Defendant-Intervenors admit that the District is a "local government" and "special district" as defined by Article XIII C, Section 1(b)(c) of the California Constitution. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 134.

135.   In response to Paragraph 135, Community Group and Environmental Defendant-Intervenors assert that the constitutional provision cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 135.

136.   In response to Paragraph 136, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

137.   In response to Paragraph 137, Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the allegations about A4A's members or their contentions and on that basis deny them. Community Group and Environmental Defendant-Intervenors admit that A4A

and Community Group and Environmental Defendant-Intervenors disagree about the legality of the "mitigation fee" provided for in Rule 2305. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 137.

138.   In response to Paragraph 138, Community Group and Environmental Defendant-Intervenors admit that Rules 2305 and 316 establish fees to mitigate emissions associated with regulated warehouses and to fund the implementation of the Rule 2305 regulatory program, respectively. Community Group and Environmental Defendant-Intervenors admit that the District did not seek or obtain voter approval for the fees provided for by Rules 2305 and 316. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 138.

139.   In response to Paragraph 139, Community Group and Environmental Defendant-Intervenors assert that the case cited in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

140.   In response to Paragraph 140, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

141.   In response to Paragraph 141, Community Group and Environmental Defendant-Intervenors assert that the case quoted in that paragraph speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 141.

142.   In response to Paragraph 142, Community Group and Environmental Defendant-Intervenors admit that the fees authorized by Rule 2305 may be used to provide financial incentives for truck owners to purchase NZE or ZE trucks, for the installation of fueling and charging infrastructure, with priority given for projects in the communities near warehouses that paid the fee, and to fund some grid upgrades. Community Group and Environmental Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the source or accuracy of the alleged

quotation in the second sentence of Paragraph 142. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 142.

143.   In response to Paragraph 143, Community Group and Environmental Defendant-Intervenors assert that the cited case speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 143.

144.   In response to Paragraph 144, Community Group and Environmental Defendant-Intervenors assert that the cited case speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in that paragraph.

145.   In response to Paragraph 145, Community Group and Environmental Defendant-Intervenors assert that the cited case speaks for itself. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 145.

146.   In response to Paragraph 146, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

### ANSWERING COUNT 6
### (Declaratory Relief)

147.   In response to Paragraph 147, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

148.   In response to Paragraph 148, Community Group and Environmental Defendant-Intervenors admit that Rule 2305 is in effect. Community Group and Environmental Defendant-Intervenors deny the remaining allegations in Paragraph 148.

149.   In response to Paragraph 149, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

150.   In response to Paragraph 150, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

## ANSWERING COUNT 7

### (Preliminary and Permanent Injunctive Relief)

151.   In response to Paragraph 151, Community Group and Environmental Defendant-Intervenors incorporate the previous paragraphs by this reference.

152.   In response to Paragraph 152, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

153.   In response to Paragraph 153, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

154.   In response to Paragraph 154, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

155.   In response to Paragraph 155, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

156.   In response to Paragraph 156, Community Group and Environmental Defendant-Intervenors deny the allegations in that paragraph.

## GENERAL DENIAL

157.   Community Group and Environmental Defendant-Intervenors generally deny all allegations in the Complaint except those specifically admitted in the preceding paragraphs.

## AFFIRMATIVE DEFENSES

Community Group and Environmental Defendant-Intervenors assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff-Intervenor's Complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

### (Ripeness)

Plaintiff-Intervenor's Complaint is barred in whole or in part because there is presently no injury resulting from or caused by Community Group and Environmental Defendant-Intervenors, there is no injury suffered by Plaintiff-Intervenor or its members, and there is no current case or controversy. Thus, Plaintiff-Intervenor's claims are not ripe for adjudication. Plaintiff-Intervenor's Complaint is further barred because the United States Environmental Protection Agency has not yet determined whether to incorporate Rule 2305 into the State Implementation Plan, and thus adjudication of Rule 2305's relationship to various federal statutes would be premature.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff-Intervenor lacks standing to challenge Rule 2305 in whole or in part because it has not suffered (1) an injury in fact (2) that is fairly traceable to the District's conduct and (3) that is likely to be redressed by a favorable decision. Plaintiff-Intervenor has not demonstrated that it, or any of its members, will be required to undertake or will in fact undertake any of the compliance options challenged in this action.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff-Intervenor's claims are barred, in whole or in part, by its failure to properly raise them in the underlying administrative proceedings.

## FIFTH AFFIRMATIVE DEFENSE

### (Primary/Exclusive Jurisdiction)

Plaintiff-Intervenor's claims are barred and/or should be stayed because the United States Environmental Protection Agency has primary jurisdiction over whether Rule 2305 should be incorporated into the State Implementation Plan. Further, section

307(b)(1) of the Clean Air Act grants the federal circuit courts of appeals original and exclusive jurisdiction over actions to challenge the EPA Administrator's approval of a State Implementation Plan submission. If the EPA were to approve the submission, Plaintiff's claims and the relief requested would have the practical effect of challenging the State Implementation Plan, and this District Court would lack original jurisdiction to review A4A's claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

Plaintiff-Intervenor's claims are barred, in whole or in part, because Plaintiff-Intervenor and/or its members have waived their claims or are estopped from asserting them.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Reservation of Right to Raise Additional Defenses)**

Community Group and Environmental Defendant-Intervenors reserve the right to amend should any further defenses become apparent over the course of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Community Group and Environmental Defendant-Intervenors pray for judgment as follows:

1. That the Court deny Plaintiff-Intervenor's request for declaratory relief;

2. That the Court deny Plaintiff-Intervenor's request for injunctive relief;

3. That the Court deny Plaintiff-Intervenor's request for attorney fees and costs;

4. That Plaintiff-Intervenor take nothing by this suit;

5. That the Court award Community Group and Environmental Defendant-Intervenors their costs in this action, including attorney fees; and

6. That the Court award Community Group and Environmental Defendant-Intervenors such further relief as the Court deems just and proper.

1

Respectfully submitted,

2

Dated:  February 4, 2022

/s/    Adriano L. Martinez
ADRIANO L. MARTINEZ (SBN 237152)

3

CANDICE L. YOUNGBLOOD (SBN 328843)

4

amartinez@earthjustice.org
cyoungblood@earthjustice.org

5

Earthjustice
707 Wilshire Street, Suite 4300

6

Los Angeles, CA 90017

7

Tel: (415) 217-2000 / Fax: (415) 217-2040

8

REGINA J. HSU (SBN 318820)

9

rhsu@earthjustice.org
Earthjustice

10

50 California Street, Suite 500
San Francisco, CA 94111

11

Tel: (415) 217-2000 / Fax: (415) 217-2040

12

13

*Counsel for Defendant-Intervenors East Yard
Communities for Environmental Justice, People's
Collective for Environmental Justice, and Sierra*

14

*Club*

15

16

DAVID R. PETTIT (67128)
dpettit@nrdc.org

17

Natural Resources Defense Council
1314 2nd Street

18

Santa Monica, CA 90401

19

Tel: (310) 434-2300 / Fax: (310) 434-2399

20

*Counsel for Defendant-Intervenor
Natural Resources Defense Council*

21

22

ALISON M. HAHM (336969)
ahahm@cbecal.org

23

Communities for a Better Environment
6325 Pacific Blvd.

24

Huntington Park, CA 90255

25

Tel: (323) 826-9771

26

*Counsel for Defendant-Intervenor
Communities for a Better Environment*

27

28

(List of Counsel continued on next page)

29

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No.
2:21-cv-6341-JAK-MRW)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TIMOTHY O'CONNOR (250490)
toconnor@edf.org
Environmental Defense Fund
123 Mission St., 28th Fl.
San Francisco, CA 94105
Tel: (916) 549-8423

*Counsel for Defendant-Intervenor*
*Environmental Defense Fund*

ANSWER OF INTERVENORS [NGOs] TO COMPLAINT IN INTERVENTION (Civ. No.
2:21-cv-6341-JAK-MRW)