HOLLAND & KNIGHT LLP
David A. Robinson, Esq. (SBN 107613)
*david.robinson@hklaw.com*
Marne S. Sussman, Esq. (SBN 273712)
*marne.sussman@hklaw.com*
Emily M. Lieban, Esq. (SBN 303079)
*emily.lieban@hklaw.com*
Nicholas A. Dellefave, Esq. (SBN 323814)
*nicholas.dellefave@hklaw.com*
Three Park Plaza, Suite 1400
Irvine, CA  92614-8537
Telephone:  949.833.8550
Facsimile:  949.833.8540

Attorneys for Plaintiff CALIFORNIA
TRUCKING ASSOCIATION

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT; The GOVERNING BOARD OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-6341-JAK-MRW<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: Jan. 23, 2023<br>Time: 8:30 a.m.<br>Ctrm: 10B<br>Judge: Hon. John A. Kronstadt |

*Holland & Knight LLP*
*3 Park Plaza, Suite 1400*
*Irvine, CA  92614-8537*
*Tel: 949.833.8550*
*Fax: 949.833.8540*

**PLAINTIFF'S SEPARATE STATEMENT OF**

**UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, plaintiff California Trucking Association ("CTA") respectfully submits the following statement of uncontroverted material facts and conclusions of law in support of its accompanying motion for summary judgment and associated memorandum of points and authorities.

## I.     STATEMENT OF UNCONTROVERTED FACTS

**Count I – Declaratory/Injunctive Relief – Violation of the Clean Air Act (Dkt. 1 (Complaint), ¶¶ 83-90)**

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 1. During the May 4, 2018 meeting of the Governing Board of defendant South Coast Air Quality Management District ("SCAQMD" or "District"), Governing Board member Supervisor Shawn Nelson stated, "If there is anyone in this room who doesn't know what this is about, diesel truck emissions are the issue. It's not the hours of operation of warehouses, it's not how everybody got to work, what car they drove and, you know, forklifts and those things are all natural gas or electric anyway. There is not a bunch of diesel forklifts | Dkt. 1 (Complaint), ¶ 49<br>Dkt. 15 (Answer), ¶ 49 |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| driving around. So this is all about diesel trucks." | |
| 2. CTA is an association devoted to advancing the interests of its motor-carrier members who provide transportation services in California. | Dkt. 1 (Complaint), ¶ 13<br>Dkt. 15 (Answer), ¶ 13<br>Shimoda Decl. ¶ 2 |
| 3. CTA promotes advocacy, safety and compliance with all applicable state and federal laws on behalf of its members, including motor-carrier members in California. | Shimoda Decl., ¶ 3 |
| 4. CTA members are licensed motor-carrier companies that manage, coordinate and schedule the movement of property throughout California and in interstate commerce. | Shimoda Decl., ¶ 4 |
| 5. The Rule will directly and indirectly impact many of CTA's members who operate within the SCAQMD's boundaries and jurisdiction. | Shimoda Decl., ¶ 4 |
| 6. Many of CTA's motor-carrier members contract with warehouse owners or operators to provide trucking services to their customers within the SCAQMD's boundaries and jurisdiction. | Shimoda Decl., ¶ 5 |

- 3 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| 7. Other CTA members are themselves owners or operators of warehouses directly regulated by the Rule. For example, Ability Tri-Modal is a CTA member. Ability Tri-Modal operates two warehouse facilities within the jurisdiction of the SCAQMD that are over 100,000 sq. ft., and which are therefore subject to the Rule. | Shimoda Decl., ¶¶ 6-7<br>Owen Decl., ¶¶ 2-5 |
| 8. Over the life of the Rule, CTA's members will expend substantial resources in direct response to the Rule by purchasing and using SCAQMD-approved trucks in place of their federally-compliant combustion vehicles. | Shimoda Decl., ¶ 8 |
| 9. The activities of CTA's members are subject to regulation under the Rule. | Shimoda Decl., ¶ 9 |
| 10. The SCAQMD is a political subdivision of California responsible for air pollution control in counties that include the Los Angeles metropolitan area. | Dkt. 1 (Complaint), ¶ 15<br>Dkt. 15 (Answer), ¶ 15 |
| 11. Agents of the SCAQMD are responsible for administering Rule 2305. | Dkt. 1 (Complaint), ¶ 15<br>Dkt. 15 (Answer), ¶ 15 |

- 4 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| 12. Defendant members of the SCAQMD's Governing Board are all residents of the State of California. | Dkt. 1 (Complaint), ¶ 16<br>Dkt. 15 (Answer), ¶ 16 |
| 13. On or about May 7, 2021, the SCAQMD adopted Rule 2305. | Dkt. 1 (Complaint), ¶ 58<br>Dkt. 15 (Answer), ¶ 58 |
| 14. Rule 2305 and Rule 316 became effective upon adoption. | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101) |
| 15. CTA submitted multiple comments on Proposed Rules 2305 and 316 prior to adoption and actively participated in the administrative proceedings. | Robinson Decl., Ex. 2 (CTA March 2, 2021 Comments for Proposed Rule 2305 and Proposed Rule 316) (AR-04563-4586)<br>Robinson Decl., Ex. 3 (CTA May 4, 2021 Comments for Proposed Rule 2305 and Proposed Rule 316) (AR-05404-5412)<br>Robinson Dec., Ex. 4 (CTA December 14, 2020 Comments for Proposed Rule 2305 and Proposed Rule 316 (AR-09421-9427) |
| 16. Rule 2305 purports to apply to owners and operators of warehouses located in the SCAQMD jurisdiction with greater than or equal to 100,000 square feet of indoor floor space in a single building. | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101) |
| 17. Rule 2305's requirements—based on "WPCO" or WAIRE Points | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-00082-87) |

- 5 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| Compliance Obligations—are accrued based on truck visits regardless of where the trucks originated or are destined. | |
| 18. The State of California, through CARB, has not obtained a waiver from the EPA pursuant to Section 209(b) with respect to Rule 2305. | Dkt. 1 (Complaint), ¶ 105<br>Dkt. 15 (Answer), ¶ 105 |
| 19. Under Rule 2305, warehouses with 100,000 or more square feet of indoor floor space are required to monitor the number and type of trucks that visit their facilities. | Dkt. 1 (Complaint), ¶ 61<br>Dkt. 15 (Answer), ¶ 61 |
| 20. Under Rule 2305, collected data concerning the number and type of trucks visiting regulated warehouses is used to create the "WATT," which is a measurement of weighted-annual truck trips in which the heaviest class of truck is considered the equivalent of 2.5 trips in lighter duty vehicles. | Dkt. 1 (Complaint), ¶ 61<br>Dkt. 15 (Answer), ¶ 61<br>Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-00086) |
| 21. Under Rule 2305, the WATT is multiplied by a stringency factor and an annual variable designed to phase the stringency factor in over time, resulting in the "WPCO," or WAIRE Points Compliance Obligation. | Dkt. 1 (Complaint), ¶ 62<br>Dkt. 15 (Answer), ¶ 62<br>Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-00085-86) |

- 6 -

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| 22. Under Rule 2305, every year, regulated warehouses must earn "WAIRE Points" equal or greater than their accumulated WPCO to comply with the Rule. | Dkt. 1 (Complaint), ¶ 62<br>Dkt. 15 (Answer), ¶ 62<br>Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-00085-86) |
| 23. The SCAQMD initially developed 18 different "Scenarios" through which warehouse operators could earn WAIRE points and titled these the "WAIRE Menu." A 19th scenario evaluating the mitigation fee scenario in light of spontaneous ZE or NZE truck visits was later added. | Dkt. 1 (Complaint), ¶ 64<br>Dkt. 15 (Answer), ¶ 64<br>Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1) (AR-00476-544 at AR-00483) |
| 24. Eight of the scenarios depend on a covered operator directly acquiring District-compliant ZE or NZE trucks (Scenarios 1, 2, 3, 6, 8, 12, 13, and 18—direct acquisition). The SCAQMD's scenario calculations anticipate the following truck acquisitions associated with each scenario over the first ten years of the Rule:<br>Scenario 1: 12,077<br>Scenario 2: 12,733<br>Scenario 3: 13,674<br>Scenario 6: 22,778<br>Scenario 8: 38,020 | Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1 (Final Statement of Overriding Considerations)) (AR-00476-544 at AR-00483)<br>Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03224-3227)<br>Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |

- 7 -
PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| Scenario 12: 7,410 <br> Scenario 13: 52,573 <br> Scenario 18: 4,076 | |
| 25. Five of the scenarios depend on a warehouse operator compelling her contractor(s) to use SCAQMD-compliant ZE or NZE trucks or the coincidental visit of such trucks (Scenarios 4, 5, 9, 10, and 14—indirect acquisition). | Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1 (Final Statement of Overriding Considerations)) (AR-476-544 at AR-00483) <br> Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03224-3227) |
| 26. A warehouse operator may (1) pay a mitigation fee, (2) install rooftop solar equipment, (3) install filter systems for nearby sensitive receptors, (4) purchase filter systems for nearby sensitive receptors or (5) install transport refrigeration unit ("TRU") plugs (Scenarios 7, 11, 15, 16, and 17—non-acquisition). | Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1 (Final Statement of Overriding Considerations)) (AR-476-544 at AR-00483) <br> Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03224-3227) |
| 27. The eight scenarios dependent on warehouse operators acquiring trucks carry the following estimated costs per square foot: <br> Scenario 1: $0.16 <br> Scenario 2: $0.17 <br> Scenario 3: $0.06 | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) <br> Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for |

- 8 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| Scenario 6: $0.23<br>Scenario 8: $0.23<br>Scenario 12: $1.04<br>Scenario 13: $0.10<br>Scenario 18: $0.15<br>The average annual cost per square foot for compliance via Scenarios 1, 2, 3, 6, 8, 12, 13, and 18 is approximately $0.27. | Proposed Rule 2305) (AR-03192-3289 at AR-03229) |
| 28. The five scenarios dependent on warehouse operators compelling their contractors to use SCAQMD-compliant ZE and NZE trucks or the coincidental visit of such trucks carry the following estimated costs per square foot:<br>Scenario 4: $0.12<br>Scenario 5: $0.14<br>Scenario 9: $0.07<br>Scenario 10: -$0.02<br>Scenario 14: $0.15<br>The average annual cost per square foot for compliance via Scenarios 4, 5, 9, 10, and 14 is $0.09. | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640)<br>Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03229) |
| 29. The five scenarios that do not involve either the direct or indirect acquisition of SCAQMD-compliant ZE or NZE trucks carry the following costs per square foot: | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) |

- 9 -

| | |
|---|---|
| Scenario 7: $0.83<br><br>Scenario 11: $1.21<br><br>Scenario 15: $0.79<br><br>Scenario 16: $0.77<br><br>Scenario 17: $0.70<br><br>The average annual cost per square foot for compliance via Scenarios 7, 11, 15, 16, and 17 is $0.86. | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03229) |
| 30. The Final SCAQMD Staff Report for Proposed Rule 2305 states that "Air filters are expected to be chosen rarely as a compliance option to earn WAIRE Points due their higher cost relative to other compliance options shown in Table 20 of the Final Staff Report." | Robinson Decl., Ex. 9 (SCAQMD Final Staff Report, Proposed Rule 2305, Appendix F Response to Comments, Response to Comment Letter #40 (NAIOP)) (AR-01237-1256 at AR-01254) |
| 31. Scenario 12 contemplates the acquisition of ZE Class 8 trucks that are not presently commercially available.  Excluding this scenario results in an average annual compliance cost per square foot of $0.16 and an even starker cost differential than when Scenario 12 is included. | Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003)<br><br>Robinson Decl., Ex. 10 (May 7, 2021 Final Staff Report Appendix F: Responses to Comments, "Master Responses to Public Comments") (AR-01120-1130 at AR-01120).<br><br>Robinson Decl., Ex. 11 (May 7, 2021 Board Meeting Attachment B: "Key Issues and Responses") (AR-00463-465 at AR-00463) |

Holland & Knight LLP<br>3 Park Plaza, Suite 1400<br>Irvine, CA 92614-8537<br>Tel: 949.833.8550<br>Fax: 949.833.8540

- 10 -

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| | Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1 (Final Statement of Overriding Considerations)) (AR-00476-544 at AR-00483) Robinson Decl., Ex. 12 (SCAQMD Final Staff Report, Proposed Rule 2305, Appendix B WAIRE Menu Technical Report) (AR-00679-707 at AR-00697) Robinson Decl., Ex. 13 (SCAQMD Final Staff Report, Proposed Rule 2305, Appendix F Response to Comments, Responses to Comment Letter # 7 (Luskin Center) and Comment Letter # 13 (CCAEJ)) (AR 01149-1150, 01163-1167, at AR-01150 and AR-01164) |
| 32. The SCAQMD has estimated the nitrogen oxide ("NOx") and diesel particulate matter ("DPM") emission reductions associated with each of the Scenarios. | Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |
| 33. The SCAQMD has concluded that two—Scenario 1 (NZE Class 8 truck acquisitions and subsequent visits from those trucks) and Scenario 13 (ZE Class 2b-3 truck acquisitions and subsequent visits from those | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03249-3250) |

- 11 -
PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| trucks)—are the most representative of the upper and lower range of reductions that can be anticipated from the Rule's implementation. | |
| 34. Both Scenarios 1 and 13 anticipate warehouse operators will earn WAIRE points by choosing to directly acquire and replace federally-complaint trucks with SCAQMD-compliant ZE/NZE trucks. | Robinson Decl., Ex. 5 (Proposed Rule 2305 Final Environmental Assessment, Appendix 1 (Final Statement of Overriding Considerations)) (AR-476-544 at AR-00483)<br>Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00629)<br>Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |
| 35. Scenario 13 is expected to result in approximately 3,218 cumulative tons of NOx reductions and 48 tons of direct PM reductions over the course of the ten-year compliance period. This is the SCAQMD's lower bound of estimated emission reductions associated with the Rule. | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03250) |
| 36. Three of the five non-acquisition Scenarios would not achieve the | Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| lower bound of estimated emissions reductions. Scenario 15 (installation and use of filters): 0 tons of NOx reductions; 0 tons of PM reductions. Scenario 16 (purchase and use of filters): 0 tons of NOx reductions; 0 tons of PM reductions. Scenario 17 (installation and use of TRU plugs): 579.37 tons of NOx reductions; 8.9 tons of PM reductions. | |
| 37. Scenario 7 is expected to result in approximately 52,268 tons of NOx reductions, or six times the SCAQMD's upper bound of estimated NOx emissions reductions. Scenario 7 is anticipated to result in 21 tons of PM reduction. | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03250) Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL], [sum of cells C10 to L10 multiplied by 365]) (AR-X-003) |
| 38. Scenario 11 is expected to result in approximately 30,806 tons of NOx reductions, or three and a half times the SCAQMD's upper bound of estimated NOx emissions reductions. Scenario 11 is anticipated to result in 0 tons of PM emissions reductions. | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03250) Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| | [SUMMARY_ALL], [sum of cells C14 to L14 multiplied by 365]) (AR-X-003) |
| 39. Scenario 7 assumes regulated warehouse operators would elect to pay an estimated $6 billion in mitigation fees to the SCAQMD by 2031. | Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |
| 40. The SCAQMD anticipates using half of the mitigation fees associated with Scenario 7 to replace federally-compliant trucks with ZE/NZE alternatives and the other half to install ZE charging infrastructure. | Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03233)<br>Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |
| 41. Mitigation fees would finance SCAQMD replacement of 11,400 trucks in the first ten years of the Rule including over 8,000 Class 8 trucks and over 3,000 Class 4-7 trucks. | Robinson Decl., Ex. 14 (Proposed Rule 2305 Draft Scenario Calculations, Table [Scenario 7a MF Funding NZEs]) (AR-X-003) |
| 42. Scenario 11 (solar installation) is estimated to cost covered operators $1.21 per square foot and is the most expensive menu option available. | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) |
| 43. Scenario 11 (solar installation) cannot generate enough points to satisfy the | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, |

- 14 -

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| Rule's obligation and operators would instead be required to collectively pay an estimated ***$3.1 billion*** in mitigation fees by 2031. | Chapter 3: Impact Assessment) (AR-00610-653 at AR-00629) Robinson Decl., Ex. 7 (Proposed Rule 2305 Draft Scenario Calculations, Table [SUMMARY_ALL]) (AR-X-003) |
| 44. Rule 2305 phases in over time. | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-000100) |
| 45. Under Rule 2305, on January 1, 2022, warehouses 250,000 square feet or larger began accruing WPCO. | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-000100) |
| 46. Under Rule 2305, in 2023, warehouses between 150,000 and 249,999 square feet will begin accruing WPCO. | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-000100) |
| 47. Under Rule 2305, in 2024, all warehouses over 100,000 square feet will accrue WPCO. | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-000100) |
| 48. Under Rule 2305, the "annual variable" to calculate the WPCO will increase over a period of three years (beginning in 2022) until the rule reaches full stringency. | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| 49. The "Goals of Warehouse ISR" draft presentation states that one goal of Rule 2305 is "to reduce emissions from the most significant source—trucks." | Robinson Decl., Ex. 15 ("Goals of Warehouse ISR" Draft Presentation) (SCAQM_000031026-31043 at SCAQM_000031026) |
| 50. The SCAQMD Draft Staff Report on Proposed Rule 2305 and Proposed Rule 316 (March 3, 2021) states Rule 2305 would "support statewide efforts to increase the number of ZE vehicles" by "provid[ing] a mechanism to require warehouse operators to encourage ZE vehicle use at their facilities." | Dkt. 1 (Complaint), ¶ 71 Dkt. 15 (Answer), ¶ 71 Robinson Decl., Ex. 16 (Proposed Rule 2305 Final Staff Report, Chapter 1) (AR-00573-588 at AR-00583). |
| 51. During the May 4, 2018 SCAQMD Governing Board meeting, Governing Board member Mayor Pro Tem Larry McCallon stated: "Using the indirect source rule to solve a problem that the federal government isn't willing to step up to do, which is to regulate trucks, is not a good idea." | Dkt. 1 (Complaint), ¶ 50 Dkt. 15 (Answer), ¶ 50 |
| 52. On Monday May 4, 2020, then-Planning and Rules Manager Ian MacMillan stated in an email that "The main difference with South Coast AQMD's proposed Indirect Source Rules (ISR's) on warehouses | Robinson Decl., Ex. 17 (May 2020 Email Exchange, "Forbes Interview") (SCAQM_000031290-31291 at SCAQM_000031290). |

- 16 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| and railyards is that they would apply to destinations instead of fleet owners or trucks [sic] manufacturers." | |
| 53. The SCAQMD Final Environmental Assessment for Proposed Rule 2305, Appendix C (April 2021) stated: "The proposed project is intended to accelerate the use of ZE trucks and yard trucks that visit the warehouses in the South Coast AQMD region." | Dkt. 1 (Complaint), ¶ 57<br>Dkt. 15 (Answer), ¶ 57 |
| 54. The SCAQMD Final Environmental Assessment for Proposed Rule 2305, Chapter 4: Environmental Impact Analysis and Mitigation Measures (April 2021) stated the Rule would "encourage and incentivize the purchase and use of NZE and ZE vehicles instead of conventional gasoline and diesel vehicles." | Robinson Decl., Ex. 18 (Proposed Rule 2305 Final Environmental Assessment Chapter 4: Environmental Impact Analysis and Mitigation Measures, Sec. 4.1 Air Quality and Greenhouse Gas Emissions) (AR-01417-02133 at AR-01609) |
| 55. The Final SCAQMD Staff Report for Proposed Rule 2305 states that "the 2016 AQMP estimated that at least $1 billion per year in incentive funding to clean up vehicle and engine fleets would be needed – absent any further regulations – to | Robinson Decl., Ex. 16 (Proposed Rule 2305 Final Staff Report, Chapter 1) (AR-00573-588 at AR-00582). |

- 17 -

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| meet the 2023 and 2031 attainment dates." | |
| 56. The Final SCAQMD Staff Report for Proposed Rule 2305 states that "PR 2305 and PR 316 provide a mechanism to require warehouse operators to encourage ZE vehicle use at their facilities as one of many options of compliance." | Robinson Decl., Ex. 16 (Proposed Rule 2305 Final Staff Report, Chapter 1) (AR-00573-588 at AR-00583). |
| 57. The Final SCAQMD Staff Report for Proposed Rule 2305 states that "PR 2305 and PR 316 would place requirements on warehouse operators in South Coast AQMD that will encourage them to ensure that the potential benefits from statewide regulations occur here." | Robinson Decl., Ex. 16 (Proposed Rule 2305 Final Staff Report, Chapter 1) (AR-00573-588 at AR-00583). |
| 58. The Final SCAQMD Staff Report for Proposed Rule 2305 states: "The recent ACT and Low NOx Omnibus regulations assume a certain amount of new truck sales every year, and also assume that the activity of those newer, cleaner trucks will occur consistent with past behavior as demonstrated in EMFAC. However, the nature of those two regulations ensures that lower emissions occur | Robinson Decl., Ex. 16 (Proposed Rule 2305 Final Staff Report, Chapter 1) (AR-00573-588 at AR-00583). |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| only if trucks are sold. It does not require any certain number of trucks to be sold, or to operate within the South Coast AQMD." | |
| 59. SCAQMD Governing Board member Rex Richardson stated during the SCAQMD's May 7, 2021 hearing on Proposed Rule 2305: "The problem is the trucks." | Dkt. 1 (Complaint), ¶ 1<br>Dkt. 15 (Answer), ¶ 1 |
| 60. SCAQMD Governing Board member Janice Rutherford further stated during the same May 7, 2021 hearing:  "We all acknowledge trucks are the issue.  The type of building the trucks go to or from, the trucks are indifferent.  They pollute no matter where they go." | Dkt. 1 (Complaint), ¶ 2<br>Dkt. 15 (Answer), ¶ 2 |
| 61. SCAQMD staff member Ian MacMillan stated during the SCAQMD's March 2, 2018 Governing Board hearing: "Really the focus will be on trucks." | Dkt. 1 (Complaint), ¶ 48<br>Dkt. 15 (Answer), ¶ 48 |
| 62. District staff member Dr. Philip Fine stated during the January 24, 2020 meeting of the SCAQMD's Mobile Source Committee: "We have not raised the amount of money we need | Dkt. 1 (Complaint), ¶ 52<br>Dkt. 15 (Answer), ¶ 52 |

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| to turn over the entire fleet. . . . You could look at this [ISR] as providing additional incentives, additional options in the form of points to comply with the rule in case we have not raised [the funds] to completely turn over the truck fleet through incentives." | |
| 63. On Thursday April 8, 2021, Ruthanne Taylor Berger stated in an email that, "The primary thing that warehouse operators can do is purchase or use low emission technologies." The same email further stated, "There is one option that allows operators to install filters in nearby schools, daycares, etc. that will reduce exposures, but not reduce emissions - but we expect this to be very rarely used given the difficulty in implementing it. If it turns out that this is a common compliance pathway, we will report back immediately to the Board and recommend any necessary changes." On Friday April 9, 2021, SCAQMD Executive Officer Wayne Nastri and | Robinson Decl., Ex. 19 (April Email Exchange "Warehouse ISR") (SCAQM_000044037-44038 at SCAQM_000044038) |

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| Ian MacMillan expressed approval of this characterization. | |
| 64. If an operator purchases a ZE Class 4-7 truck, that operator will earn 68 points. | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-101) |
| 65. If an operator purchases a NZE Class 4-7 truck, that operator will earn 26 points. | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-101) |
| 66. If an operator purchases a conventional Class 4-7 truck, they earn no points at all and instead accrue an unmet WPCO obligation the SCAQMD estimates will cost a 200,000 square foot warehouse upwards of $166,000 per year in mitigation fees. | Robinson Decl., Ex. 1 (Rule 2305) (AR-00082-101 at AR-101) <br> Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) |
| 67. Over the ten year period from 2022 to 2031, a warehouse operator with a 200,000 square foot facility who attempts to avoid acquiring SCAQMD-compliant trucks or allows her contractors to continue using federally-compliant trucks will, on average, face $1.7 million in Rule-attributable costs. | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) <br> Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03229) |
| 68. Her similarly situated competitors would pay on average $540,000 | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, |

- 21 -

PLAINTIFF'S SEPARATE STATEMENT

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

| | |
|---|---|
| (direct acquisition) or $140,000 (indirect acquisition). | Chapter 3: Impact Assessment) (AR-00610-653 at AR-00640) Robinson Decl., Ex. 6 (2nd Draft Socioeconomic Impact Analysis for Proposed Rule 2305) (AR-03192-3289 at AR-03229) |
| 69. In its response to CTA's March 2, 2021 comment letter regarding the proposed ISR, the SCAQMD disclaimed any attempt to regulate within the confines of the Clean Air Act, explaining that "The CAA is irrelevant to the District's authority to adopt the proposed rule." | Robinson Decl., Ex. 20 (SCAQMD Final Staff Report, Proposed Rule 2305, Appendix F Response to Comments, Response to Comment Letter #44 (CTA)) (AR-01276-1288 at AR-01277) |
| 70. The District claims that "its regulatory authority represents an exercise of the State's police power," on which the federal Clean Air Act is "not a limit." | Robinson Decl., Ex 20 (SCAQMD Final Staff Report, Proposed Rule 2305, Appendix F Response to Comments, Response to Comment Letter #44 (CTA)) (AR-01276-1288 at AR-01277) |
| 71. The SCAQMD Staff has both concluded and stated CARB failed to act quickly enough to reduce truck emissions. | Robinson Decl., Ex. 8 (SCAQMD Final Staff Report, Proposed Rule 2305, Chapter 3: Impact Assessment) (AR-00610-653 at AR-00620) |

## II.   CONCLUSIONS OF LAW

1.      "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

2. Article VI of the United States Constitution states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

3. "Congress has the authority, when acting pursuant to its enumerated powers, to preempt state and local laws," and such preemption may be either express or implied. *Oxygenated Fuels Ass'n Inc. v. Davis,* 331 F.3d 665, 667 (9th Cir. 2003).

4. Section 209(a) of the Clean Air Act provides in part: "No State or any political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicle engines subject to this part." 42 U.S.C. § 7543(a).

5. The language of Section 209(a) of the Clean Air Act "is categorical," and it is "impossible to find in it an exception for standards imposed through purchase restrictions rather than directly upon manufacturers." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 256 (2004).

6. A state or local law "is preempted if it directly regulates within a field preempted by Congress, or if it indirectly regulates within a preempted field in such a way that effectively mandates a specific, preempted outcome." *Metro. Taxicab Bd. of Trade v. City of New York*, 633 F. Supp. 2d 83, 95 (S.D.N.Y. 2009), aff'd, 615 F.3d 152 (2d Cir. 2010).

7. Per the EPA, an ISR rule facially authorized under the Clean Air Act can "be preempted if it creates incentives so onerous as to be in effect a purchase mandate." 76 Fed. Reg. 26609, 26611 (May 9, 2011).

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

- 23 -
PLAINTIFF'S SEPARATE STATEMENT

8. A rule becomes a *de facto* purchase mandate when it presents only a single "real" option for compliance. *Metro. Taxicab Bd. of Trade v. City of New York*, 633 F. Supp. 2d 83, 93 (S.D.N.Y. 2009), aff'd, 615 F.3d 152 (2d Cir. 2010).

9. State laws which seemingly present choices to regulated entities, but essentially mandate an outcome, are preempted. *Metro. Taxicab Bd. of Trade v. City of New York*, 633 F. Supp. 2d 83, 103-106 (S.D.N.Y. 2009), aff'd, 615 F.3d 152 (2d Cir. 2010).; *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.,* 514 U.S. 645, 668 (1995).

10. As used in Section 209(a) of the Clean Air Act, "standard" means "that which is established by authority, custom, or general consent, as a model or example; criterion; test.'" *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 256 (2004) (quoting Webster's Second New International Dictionary 2455).

11. State regulations are "standards" within the meaning of Section 209(a) of the Clean Air Act where their "very purpose and effect … is to effect a quantitative reduction in emissions." *Ass'n of Int'l Auto. Mfrs. v. Commissioner*, 208 F.3d 1, 7 (1st Cir. 2000).

12. Rule 2305 and Rule 316 are "standards" within the meaning of Section 209(a) of the Clean Air Act. *Ass'n of Int'l Auto. Mfrs. v. Commissioner*, 208 F.3d 1, 7 (1st Cir. 2000); *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 256 (2004).

13. Section 209(a) of the Clean Air Act preempts Rule 2305 and Rule 316 as a *de facto* purchase mandate because the purchase and use of ZE/NZE trucks is the only economically rational method of compliance and the purpose and intent of the

/ / /

/ / /

/ / /

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA 92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

- 24 -

PLAINTIFF'S SEPARATE STATEMENT

District, and the effect of Rule 2305 and Rule 316, is the purchase and use of ZE/NZE trucks .

Dated:        October 28, 2022           HOLLAND & KNIGHT LLP


                                         By: */s/ David A. Robinson*
                                             David A. Robinson
                                         Attorneys for Plaintiff CALIFORNIA
                                         TRUCKING ASSOCIATION

Holland & Knight LLP
3 Park Plaza, Suite 1400
Irvine, CA  92614-8537
Tel: 949.833.8550
Fax: 949.833.8540

- 25 -

*California Trucking Association v. South Coast Air Quality Management District et al*
**United States District Court Case No.: 2:21-cv-06341-JAK-MRW_**

CERTIFICATE OF SERVICE (CM/ECF)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Park Plaza, Suite 1400, Irvine, CA 92614.

On October 28, 2022, I caused the foregoing document described as

**SEPARATE STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

to be served on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

| | |
|---|---|
| ☒ | BY ELECTRONIC TRANSMISSION. In accordance with Federal Rules of Civil Procedure 5(d)(3) and Local Rule 5-4, I uploaded the above-listed document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system which electronically notifies the parties. |
| ☒ | FEDERAL I declare that I am employed in the offices of a member of the Bar of this Court at whose direction the service was made. |

Executed on October 28, 2022, at Irvine, California.

__/s/ Michelle Woo_____
Michelle Woo

---

PROOF OF SERVICE

## <u>SERVICE LIST</u>

*California Trucking Association v. South Coast Air Quality Management District et al*
**United States District Court Case No.: 2:21-cv-06341-JAK-MRW_**

Matthew D. Zinn, Esq.
Susannah T. French, Esq.
Aaron M. Stanton, Esq.
SHUTE, MIHALY &
  WEINBERGER LLP
396 Hayes Street
San Francisco, CA 94102-4421
Tel:  (415) 552-7272

Attorneys for Defendants
*South Coast Air Quality Management District  and the Governing Board of the South Coast Air Quality Management District*

zinn@smwlaw.com
French@smwlaw.com
Stanton@smwlaw.com

Bayron T. Gilchrist, Esq.
Barbara Baird, Esq.
Mary Reichert, Esq.
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT OFFICE
OF THE GENERAL COUNSEL
21865 Copley Drive
Diamond Bar, California 91765
Tel:  (909) 396-3459

Attorneys for Defendants
*South Coast Air Quality Management District  and the Governing Board of the South Coast Air Quality Management District*

bgilchrist@aqmd.gov
bbaird@aqmd.gov
mreichert@aqmd.gov

Gary J. Smith, Esq.
BEVERIDGE & DIAMOND PC
456 Montgomery Street, Suite 1800
San Francisco, CA 94104-1251
Tel:  (415) 262-4000

Attorneys for Intervenor
*Airlines for America*

GSmith@bdlaw.com

Thomas Richichi, Esq.
Jennifer J. Leech, Esq.
BEVERIDGE & DIAMOND PC
1900 N Street NW, Suite 100
Washington D.C. 20036
Tel: (202) 789-6000

Attorneys for Intervenor
*Airlines for America*

TRichichi@bdlaw.com
JLeech@bdlaw.com

Steven J. Elie
MUSICK, PEELER & GARRETT LLP
624 South Grand Avenue, Suite 2000
Los Angeles, CA 90017-3383
Tel: (213) 629-7745
Fax: (213) 624-1376

Attorneys for Intervenor
*Airlines for America*

s.elie@musickpeeler.com

---

PROOF OF SERVICE

Rob Bonta, Esq.
Attorney General of California
Gary E. Tavetian, Esq.
Supervising Deputy Attorney General
Robert Swanson, Esq.
Deputy Attorney General
Daniel M. Lucas, Esq.
1300 I St., Suite 125
Sacramento, CA 94244-2550
Tel: (916) 210-7808

Attorneys for Intervenors
*State of California and California Air Resources Board*

Robert.Swanson@doj.ca.gov
Gary.Tavetian@doj.ca.gov
Daniel.Lucas@doj.ca.gov

Adriano L. Martinez
Candice L. Youngblood
EARTHJUSTICE
707 Wilshire Street, Suite 4300
Los Angeles, CA 90017
Tel: (415) 217-2000
Fax: (415) 217-2040

Attorneys for Intervenors
*East Yard Communities for Environmental Justice, People's Collective for Environmental Justice, and Sierra Club*

amartinez@earthjustice.org
cyoungblood@earthjustice.org

Regina J. Hsu, Esq.
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
Tel: (415) 217-2000
Fax: (415) 217-2040

Attorneys for Intervenors
*East Yard Communities for Environmental Justice, People's Collective for Environmental Justice, and Sierra Club*

rhsu@earthjustice.org

Sean H. Donahue, Esq.
DONAHUE GOLDBERG & LITTLETON
1008 Pennsylvania Avenue SE
Washington, D.C. 20003
Tel.: (202) 277-7085
Fax: (202) 315-3582

Attorneys for Intervenors
*Environmental Defense Fund*

sean@donahuegoldberg.com

Alison McLaurin Hahm, Esq.
Communities for a Better Environment
6325 Pacific Boulevard
Huntington Beach, CA 90255
Tel: (323) 826-9771

Attorney for Intervenor
*Communities For A Better Environment*

ahahm@cbecal.org

Timothy J. O'Connor
Environmental Defense Fund, Inc.
123 Mission Street, 28th Floor
San Francisco, CA 94105
Tel: (916) 549-8423

Attorney for Intervenor
*Environmental Defense Fund, Inc.*

toconnor@edf.org

PROOF OF SERVICE

David R. Pettit, Esq.
Natural Resources Defense
Council, Inc.
1314 Second Street
Santa Monica, CA 90401
Tel: (310) 434-2300

Attorney for Intervenor
*Natural Resources Defense Council*

dpettit@nrdc.org

PROOF OF SERVICE