MATTHEW D. ZINN (State Bar No. 214587)
AARON M. STANTON (State Bar No. 312530)
RYAN K. GALLAGHER (State Bar No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:  (415) 552-7272
Facsimile:   (415) 552-5816
Zinn@smwlaw.com
Stanton@smwlaw.com
Rgallagher@smwlaw.com

BAYRON T. GILCHRIST (State Bar No. 212393)
General Counsel
BARBARA BAIRD (State Bar No. 81507)
Chief Deputy District Counsel
MARY J. REICHERT (SBN 264280)
Senior Deputy District Counsel
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT
21865 Copley Drive
Diamond Bar, California  91765
Telephone:   (909) 396-3400
Facsimile:    (909) 396-2961
bgilchrist@aqmd.gov
bbaird@aqmd.gov
mreichert@aqmd.gov

Attorneys for Defendants
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT and THE
GOVERNING BOARD OF THE SOUTH
COAST AIR QUALITY MANAGEMENT
DISTRICT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION,<br><br>Plaintiff, | Case No. 2:21-cv-6341-JAK-MRW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(MRW VERSION 4/19) |

| | |
|---|---|
| AIRLINES FOR AMERICA,<br>       Plaintiff-Intervenor,<br>   v.<br>SOUTH COAST AIR QUALITY<br>MANAGEMENT DISTRICT et al.,<br>       Defendants,<br><br>STATE OF CALIFORNIA and<br>CALIFORNIA AIR RESOURCES BOARD,<br>       Defendant-Intervenors,<br><br>EAST YARD COMMUNITIES FOR<br>ENVIRONMENTAL JUSTICE et al.,<br>       Defendant-Intervenors. | ☐ Check if submitted without material modifications to MRW form |

1. INTRODUCTION

   1.1   PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Specifically, the parties anticipate that discovery will involve the production of confidential business information of third parties contained in compliance reports submitted to Defendant South Coast Air Quality Management District ("District") in accordance with the provisions of Rule 2305 ("the Rule"), the rule that is the subject of this action.  Accordingly, the parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order concerning the compliance reports.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 11.3,

2

below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

  1.2 GOOD CAUSE STATEMENT

  The parties enter into this Stipulated Protective Order to protect the confidential business information and/or trade secret information of third-party warehouse owners and/or operators contained in certain compliance reports required by Rule 2305. The Rule requires certain warehouse operators to submit reports, known as Initial Site Information Reports and Annual WAIRE Reports, as well as early action Annual WAIRE Reports (together, "compliance reports"), to the District. These compliance reports contain information that warehouse operators have identified as confidential business information and/or trade secret. Although operators' specific claims of confidentiality differ in scope, the District's review of compliance reports received so far demonstrates that this information ("CONFIDENTIAL BUSINESS INFORMATION") generally includes:

- the numbers of Class 8 and Class 2b through 7 truck visits to individual warehouse facilities;
- the total number of WAIRE points an individual warehouse facility must earn to satisfy its WAIRE Points Compliance Obligation ("WPCO") (which may, with limited assumptions and calculations, be reverse engineered to generate a close approximation of the truck visits to individual warehouse facilities); and
- the strategies or compliance options a particular individual warehouse facility or a particular individual warehouse operator uses or plans to use to satisfy its compliance obligation.

The District is informed, and the parties believe that certain, and perhaps all, of the information designated CONFIDENTIAL BUSINESS INFORMATION is not

generally known or publicized and has independent economic value because of that fact, is not readily obtainable by others, would be economically valuable to warehouse operators' competitors and contractors, and its release would be detrimental to warehouse operators. For example, if the information were released, competitors could gain access to information about the scope of warehouse operations and warehouses' business strategies, contractors could use a warehouse operator's information as leverage for negotiating contract terms, and/or a competitor could use an operator's information to offer more advantageous terms to that operator's contractors.

Defendants contend, however, that the compliance reports are potentially relevant to certain of the claims and issues in this action. For example, Plaintiffs contend that the Rule is a *de facto* mandate requiring warehouse operators to purchase or require others to purchase Zero Emissions ("ZE") or Near-Zero Emissions ("NZE") trucks and thus that the Rule is preempted by the Clean Air Act, Airline Deregulation Act, and Federal Aviation Administration Authorization Act. The District contends that the compliance reports, which contain information about the strategies warehouse operators plan to use or have used to comply with the Rule, will demonstrate that the Rule does not compel operators to purchase ZE/NZE vehicles or require others to do so, but instead provides various other compliance options, and thus is not preempted.

On November 7, 2022, the Court ordered the District to produce certain of the compliance reports and discoverable summaries of the compliance reports promptly after they become available. Dkt. 70. The parties have subsequently agreed and stipulate as follows:

- For those warehouses/operators who indicated that their submissions do not contain any confidential information, the District will produce a summary spreadsheet including their complete, unredacted submissions.

- For those warehouses/operators who claimed confidentiality for part or all of their responses, the District will produce a second summary spreadsheet as follows:
    - Information the District believes has no value to the litigation that would be traceable to a particular warehouse or warehouse operator will be redacted. This may include address information, contact information, and square footage of individual warehouses.
    - Information the District believes is sensitive CONFIDENTIAL BUSINESS INFORMATION of potential relevance to the litigation—including truck trip counts, total WPCO for a facility, total WAIRE points earned, and method by which WAIRE points were earned—will be provided subject to this protective order.
    - To allow analyses of the data by warehouse operator, in addition to by individual warehouse, the District will assign each warehouse operator a random operator ID number. Because providing even anonymized operator ID numbers could lead to confidential information being traced to a particular operator, anonymized operator IDs will only be provided subject to this protective order.
    - To avoid an undue burden on the District and to facilitate the prompt production of the summary spreadsheet(s), each warehouse claiming confidentiality will be treated the same for redaction purposes, regardless of whether the confidentiality claim covers part or all of the warehouse's responses.
- The spreadsheets will include information from only those submissions that are complete, including payment of any fees.
- At this time, the parties agree to forego the production of individual PDFs of each compliance report as unnecessary and duplicative of the information contained in the summary spreadsheets and as imposing an undue burden on

5

the District to redact CONFIDENTIAL BUSINESS INFORMATION therefrom. The parties reserve their rights to request production of the individual PDFs subject to this Protective Order at a later time.

- To limit the ongoing burden to the District, and in light of the limited value of this information to the litigation, the District is not obligated to supplement its production to provide information that had been redacted in its initial production that has later become public.

In light of the foregoing, the Court finds that good cause exists for the entry of this protective order governing the production of compliance reports in this action.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: the above-captioned federal law suit.

    2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>CONFIDENTIAL BUSINESS INFORMATION or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL BUSINESS INFORMATION.

    2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 **Protected Material**: any Disclosure or Discovery Material that is designated as CONFIDENTIAL BUSINESS INFORMATION.

2.15 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Aggregated summaries of CONFIDENTIAL BUSINESS INFORMATION—e.g., numbers or percentages of warehouses or operators selecting certain compliance options—that does not reveal details related to and cannot be traced back to individual warehouse facilities or owners/operators is not considered Protected Material for the purposes of this stipulated protective order.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. **For information produced in Excel format, it is sufficient for the email transmitting the Excel document to specifically identify the files attached that contain CONFIDENTIAL BUSINESS INFORMATION and for the file name of the Excel document to bear the legend "CONFIDENTIAL BUSINESS INFORMATION."**

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2 Meet and Confer. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

    6.3 The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL BUSINESS INFORMATION" or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL BUSINESS INFORMATION" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL BUSINESS INFORMATION," that Party must:

(a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL BUSINESS INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.     MISCELLANEOUS

11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.     <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: February 22, 2023   SHUTE, MIHALY & WEINBERGER LLP

By: /s/Matthew D. Zinn
MATTHEW D. ZINN
AARON M. STANTON
RYAN K. GALLAGHER

Attorneys for Defendants
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and THE GOVERNING BOARD OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT

DATED: February 22, 2023   CALIFORNIA DEPARTMENT OF JUSTICE

By: /s/Robert Swanson
GARY E. TAVETIAN
ROBERT SWANSON
DANIEL M. LUCAS

Attorneys for Defendant-Intervenors
STATE OF CALIFORNIA and CALIFORNIA AIR RESOURCES BOARD

| | | |
|---|---|---|
| 1 | DATED:  February 22, 2023 | HOLLAND & KNIGHT LLP |
| 2 | | |
| 3 | | By: _____/s/Benjamin P. Pugh_____ |
| 4 | | DAVID A. ROBINSON<br>MARNE S. SUSSMAN |
| 5 | | BENJAMIN P. PUGH<br>EMILY MARTINEZ LIEBAN |
| 6 | | NICHOLAS A. DELLEFAVE |
| 7 | | |
| 8 | | Attorneys for Plaintiff<br>CALIFORNIA TRUCKING |
| 9 | | ASSOCIATION |
| 10 | | |
| 11 | DATED:  February 22, 2023 | BEVERIDGE & DIAMOND PC |
| 12 | | |
| 13 | | By: _____/s/Jennifer J. Richichi_____ |
| 14 | | GARY J. SMITH<br>THOMAS RICHICHI |
| 15 | | JENNIFER J. LEECH |
| 16 | | |
| 17 | | Attorneys for Plaintiff-Intervenor<br>AIRLINES FOR AMERICA |
| 18 | | |
| 19 | DATED:  February 22, 2023 | NATURAL RESOURCES DEFENSE |
| 20 | | COUNCIL |
| 21 | | |
| 22 | | By: _____/s/David R. Pettit_____ |
| 23 | | DAVID R. PETTIT |
| 24 | | Attorney for Defendant-Intervenor |
| 25 | | NATURAL RESOURCES DEFENSE<br>COUNCIL |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| DATED: February 22, 2023 | EARTHJUSTICE |
| | By:    /s/Regina J. Hsu<br>ADRIANO L. MARTINEZ<br>CANDICE L. YOUNGBLOOD<br>REGINA J. HSU |
| | Attorneys for Defendant-Intervenors EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, and SIERRA CLUB |
| DATED: February 23, 2023 | COMMUNITIES FOR A BETTER ENVIRONMENT |
| | By:    /s/Alison McLaurin Hahm<br>ALISON McLAURIN HAHM |
| | Attorney for Defendant-Intervenor COMMUNITIES FOR A BETTER ENVIRONMENT |
| DATED: February 23, 2023 | DONAHUE & GOLDBERG, LLP |
| | By:    /s/Sean H. Donahue<br>SEAN H. DONAHUE |
| | Attorney for Defendant-Intervenor ENVIRONMENTAL DEFENSE FUND |

I hereby attest that all other signatories listed, and on whose behalf this stipulation is submitted, concur in this stipulation's content and have authorized its filing.

DATED: February 23, 2023          SHUTE, MIHALY & WEINBERGER LLP

By: ___/s/Matthew D. Zinn___
MATTHEW D. ZINN

Attorneys for Defendants
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and THE GOVERNING BOARD OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 2/23/2023

HON. MICHAEL R. WILNER
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____