MATTHEW D. ZINN (State Bar No. 214587)
AARON M. STANTON (State Bar No. 312530)
RYAN K. GALLAGHER (State Bar No. 344349)
SHUTE, MIHALY & WEINBERGER LLP
396 Hayes Street
San Francisco, California 94102
Telephone:   (415) 552-7272
Facsimile:    (415) 552-5816
Zinn@smwlaw.com

BAYRON T. GILCHRIST (State Bar No. 212393)
General Counsel
BARBARA BAIRD (State Bar No. 81507)
Chief Deputy Counsel
MARY J. REICHERT (State Bar No. 264280)
Senior Deputy District Counsel
SOUTH COAST AIR QUALITY
MANAGEMENT DISTRICT
21865 Copley Drive
Diamond Bar, California  91765
Telephone:   (909) 396-3400
Facsimile:    (909) 396-2961
bgilchrist@aqmd.gov

*Attorneys for Defendants South Coast Air Quality Management District and the Governing Board of the South Coast Air Quality Management District*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CALIFORNIA TRUCKING ASSOCIATION,<br><br>　　　Plaintiff,<br><br>AIRLINES FOR AMERICA,<br><br>　　　Plaintiff-Intervenor,<br>　　v.<br><br>SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT et al.,<br><br>　　　Defendants,<br><br>STATE OF CALIFORNIA and CALIFORNIA AIR RESOURCES BOARD,<br><br>　　　Defendant-Intervenors, | Case No. 2:21-cv-6341-JAK-MRW<br><br>**STIPULATION AND APPLICATION TO MODIFY PRETRIAL DEADLINES AND PROCEDURES**<br><br>The Hon. John A. Kronstadt<br><br>Trial Date:　　None Set |

EAST YARD COMMUNITIES FOR
ENVIRONMENTAL JUSTICE et al.,
  Defendant-Intervenors.

## STIPULATION AND APPLICATION

Pursuant to Local Civil Rule 16-14 and paragraph 4 of this Court's Standing Order, the parties to this action hereby stipulate and apply to the Court to modify its order setting certain pretrial deadlines (Dkt. 129) and to approve certain other pretrial procedures as set forth below.

WHEREAS, Plaintiff California Trucking Association's ("CTA") Complaint in this matter claims that Defendant South Coast Air Quality Management District's Rule 2305 (1) is preempted by the federal Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*; (2) is preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c); (3) exceeds the District's authority under California law; and (4) violates Proposition 26, Cal. Const. art. XIII C, § 1(e); *see* Dkt. 1 at 25–33;

WHEREAS, Plaintiff Airlines for America's ("A4A") Complaint asserts the same four claims, and also alleges that the District's Rule is preempted by the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 40101 *et seq.*; *see* Dkt. 20-4 at 27–37;

WHEREAS, Plaintiff CTA has filed a Motion for Summary Judgment on its CAA preemption claim, Dkt. 65 at 2, and Plaintiff A4A has filed a Motion for Summary Judgment on its CAA and ADA preemption claims, Dkt. 73 at 1 (collectively "Preemption Motions");

WHEREAS, Plaintiffs' Preemption Motions have been fully briefed, a hearing on the Motions has been held, and the Court has taken the Motions under submission, *see* Dkt. 143;

WHEREAS, Defendants have been contemplating filing their own motions for summary judgment on Plaintiffs' claims;

1       WHEREAS, were Defendants to file motions for summary judgment on
2 Plaintiffs' CAA and ADA preemption claims, the issues raised would be substantially
3 redundant with those already presented in Defendants' briefing in opposition to
4 Plaintiffs' Preemption Motions, *see* Dkts. 90 (District and State Defendants'
5 Consolidated Opposition to MSJs), 104 (NGO Defendants' Opposition to MSJs), 122
6 (District and State Defendants' Supplemental Opposition to MSJs);

7       WHEREAS, a court may grant summary judgment for a nonmoving party when
8 no material fact is in genuine dispute and the nonmoving party is entitled to judgment
9 as a matter of law, *see* Fed. R. Civ. P. 56(f)(1); *Gospel Missions of Am. v. City of Los*
10 *Angeles*, 328 F.3d 548, 553 (9th Cir. 2003);

11       WHEREAS, as described in the parties' briefing, the legal standards applicable
12 to Plaintiffs' ADA and FAAAA preemption claims are similar, and therefore the
13 parties agree that the Court may resolve Plaintiffs' FAAAA preemption claims based
14 on the arguments regarding ADA preemption that the parties have presented on
15 Plaintiffs' Preemption Motions, *see* Dkts. 81, 90, 104, 107, 122, 132;

16       WHEREAS, the parties therefore agree that summary judgment may be granted
17 for either Plaintiffs or Defendants on the CAA, ADA, and FAAAA preemption claims
18 based on the briefing, papers, and oral argument already submitted in connection with
19 the Preemption Motions;

20       WHEREAS, pursuant to Federal Rule of Civil Procedure 56(f), the parties
21 further agree that they have received sufficient notice of and a reasonable opportunity
22 to respond to the possibility that the Court may grant summary judgment for either
23 Plaintiffs or Defendants on the CAA, ADA, and FAAAA preemption claims;

24       WHEREAS, several parties have disclosed expert witnesses, whom other
25 parties may intend to depose if necessary, *see* Dkt. 128 at 2, and the Expert Discovery
26 Cut-Off date is currently set for June 23, 2023, Dkt. 129 at 2;

27       WHEREAS, a ruling from this Court on the Preemption Motions may eliminate
28 the need to conduct all or some of the expert depositions or may alter the scope of

those depositions, and thus deferring any such depositions until after the Court rules on the Preemption Motions may conserve the parties' resources;

WHEREAS, to defer such depositions until after the Court has ruled on the Preemption Motions, it is necessary to extend the approaching Expert Discovery Cut-Off date;

WHEREAS, this Court's ruling on the Preemption Motions may also eliminate the need for any party to move for summary judgment on Plaintiffs' remaining claims under state law regarding state statutory authority or Proposition 26 (collectively "State Law Claims");

WHEREAS, the parties wish to retain the ability to move for summary judgment on Plaintiffs' State Law Claims, should the Court retain supplemental jurisdiction over those claims after the Court issues its ruling on the Preemption Motions;

WHEREAS, it would be necessary to continue the last date to file all motions, which is currently set for July 28, 2023, *id.*, to allow for the possibility of filing (1) discovery motions relating to any expert depositions and (2) motions for summary judgment on the State Law Claims;

WHEREAS, because the timing and outcome of the Court's ruling on the Preemption Motions is unknown, the parties agree and request that the Expert Discovery Cut-Off date and the last date to file all motions be vacated and reset following issuance of the Court's ruling on the Preemption Motions;

WHEREAS, the pretrial schedule and procedures proposed below will contribute to the efficient conduct and resolution of this case and will best conserve the resources of the Court and the parties; and

WHEREAS, the parties believe that the foregoing constitutes good cause to vacate or continue several existing pretrial deadlines pursuant to paragraph 4 of this Court's Standing Order.

NOW, THEREFORE, the parties hereby stipulate as follows and request that the Court enter the [Proposed] Order lodged herewith:

1. Pursuant to Federal Rule of Civil Procedure 56(f), the parties agree that they have received adequate notice and opportunity to respond to the possibility that this Court may grant summary judgment on Plaintiffs' federal preemption claims to either Plaintiffs or Defendants based on the briefing, papers, and oral argument submitted in connection with Plaintiffs' pending Preemption Motions. The parties therefore waive any argument that entry of judgment against them in these circumstances would deny them due process.

2. The parties request that the Court grant summary judgment on Plaintiffs' preemption claims under the FAAAA based on the briefing, papers, and oral argument already submitted on the Preemption Motions.

3. The Expert Discovery Cut-Off date, which is currently set for June 23, 2023, (Dkt. 129 at 2), and the Last Date to File All Motions (including discovery motions), which is currently set for July 28, 2023 (*id.*), are vacated. If necessary, the parties shall propose a new Expert Discovery Cut-Off date and a new All-Motions deadline date within 14 days after the Court issues its final ruling(s) on the pending Preemption Motions.

| | | |
|---|---|---|
| 1 | DATED: June 14, 2023 | SHUTE, MIHALY & WEINBERGER LLP |
| 2 | | |
| 3 | | By:     */s/Aaron M. Stanton* |
| 4 | | MATTHEW D. ZINN |
| 5 | | AARON M. STANTON<br>RYAN K. GALLAGHER |
| 6 | | |
| 7 | | Attorneys for Defendants<br>SOUTH COAST AIR QUALITY |
| 8 | | MANAGEMENT DISTRICT and THE<br>GOVERNING BOARD OF THE SOUTH |
| 9 | | COAST AIR QUALITY MANAGEMENT |
| 10 | | DISTRICT |
| 11 | | |
| 12 | DATED: June 14, 2023 | CALIFORNIA DEPARTMENT OF JUSTICE |
| 13 | | |
| 14 | | By:     */s/Robert Swanson* |
| 15 | | GARY E. TAVETIAN<br>ROBERT SWANSON |
| 16 | | DANIEL M. LUCAS |
| 17 | | Attorneys for Defendant-Intervenors |
| 18 | | STATE OF CALIFORNIA and<br>CALIFORNIA AIR RESOURCES |
| 19 | | BOARD |

STIPULATION AND APPLICATION TO MODIFY PRETRIAL DEADLINES AND PROCEDURES
Case No. 2:21-cv-6341-JAK-MRW

| | | |
|---|---|---|
| 1 | DATED:  June 14, 2023 | HOLLAND & KNIGHT LLP |
| 2 | | |
| 3 | | By:   /s/Marne S. Sussman |
| 4 | | DAVID A. ROBINSON |
| 5 | | MARNE S. SUSSMAN |
|   | | EMILY MARTINEZ LIEBAN |
| 6 | | NICHOLAS A. DELLEFAVE |
| 7 | | Attorneys for Plaintiff |
| 8 | | CALIFORNIA TRUCKING |
| 9 | | ASSOCIATION |
| 10 | DATED:  June 14, 2023 | BEVERIDGE & DIAMOND PC |
| 11 | | |
| 12 | | By:   /s/Thomas Richichi |
| 13 | | GARY J. SMITH |
| 14 | | THOMAS RICHICHI |
|   | | CLAIRE S. McLEOD |
| 15 | | |
| 16 | | Attorneys for Plaintiff-Intervenor |
| 17 | | AIRLINES FOR AMERICA |
| 18 | DATED:  June 14, 2023 | NATURAL RESOURCES DEFENSE |
| 19 | | COUNCIL |
| 20 | | |
| 21 | | By:   /s/David R. Pettit |
| 22 | | DAVID R. PETTIT |
| 23 | | Attorney for Defendant-Intervenor |
| 24 | | NATURAL RESOURCES DEFENSE |
|   | | COUNCIL |

| | |
|---|---|
| DATED: June 14, 2023 | EARTHJUSTICE |
| | By: _____/s/Regina J. Hsu_____<br>ADRIANO L. MARTINEZ<br>CANDICE L. YOUNGBLOOD<br>REGINA J. HSU |
| | Attorneys for Defendant-Intervenors<br>EAST YARD COMMUNITIES FOR ENVIRONMENTAL JUSTICE, PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, and SIERRA CLUB |
| DATED: June 14, 2023 | COMMUNITIES FOR A BETTER ENVIRONMENT |
| | By: _____/s/Tyler Earl_____<br>TYLER EARL |
| | Attorney for Defendant-Intervenor<br>COMMUNITIES FOR A BETTER ENVIRONMENT |
| DATED: June 14, 2023 | DONAHUE & GOLDBERG, LLP |
| | By: _____/s/Sean H. Donahue_____<br>SEAN H. DONAHUE |
| | Attorney for Defendant-Intervenor<br>ENVIRONMENTAL DEFENSE FUND |

I hereby attest that all other signatories listed, and on whose behalf this stipulation is submitted, concur in this stipulation's content and have authorized its filing.

DATED: June 14, 2023              SHUTE, MIHALY & WEINBERGER LLP

By:     */s/Aaron M. Stanton*
       AARON M. STANTON

Attorneys for Defendants
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT and THE GOVERNING BOARD OF THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT